UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TERRY AGUILLARD**<br>D.O.C. # 720193 | **DOCKET NO. 6:23-cv-00367**<br>SECTION P |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **EDWARD BICKHAM, WARDEN** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Terry Aguillard, who is proceeding *pro se* in this matter. Aguillard is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Dixon Correctional Institute in Jackson, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On May 26, 2015, Petitioner Teddy Aguillard owned a driving school in Eunice and was teaching driving lessons when he made lewd comments to two of his juvenile students. On October 26, 2015, he was charged with two counts of indecent behavior with juveniles, violations of La.R.S. 14:81(A)(2). On February 17, 2017, a unanimous jury found Aguillard guilty as charged on both counts. On March 9, 2017, he was sentenced to five years at hard labor on each count, and the sentences were ordered to run concurrently with one another. The trial court informed Aguillard that he would be required to register as a sex offender for fifteen years upon his release

from incarceration. Following a hearing on April 13, 2017, the trial court denied his motion to reconsider sentence. Aguillard appealed.

On appeal, Aguillard asserted the following assignments of error:

1. The evidence introduced at the trial of this case, when viewed under the standard enunciated in Jackson v. Virginia, was insufficient to prove beyond a reasonable doubt that Defendant committed the crimes of Indecent Behavior with a Juvenile;

2. Defendant, Teddy Aguillard, was deprived his constitutional right to a fair trial before an unbiased jury by the introduction of improper other acts evidence by the State in violation of U.S. Constitution Amendments V, VI, and XIV; Louisiana Constitution Article I Sections 2 and 16; and LSA-C.E. Art. 404(B); and

3. The Trial Court erred in imposing a sentence of five (5) years at hard labor with the Department of Corrections, as such sentence [Pg 2] is excessive and in violation of Article I, Section 20 of the Louisiana Constitution and the Eighth Amendment to the United States Constitution.

The Third Circuit Court of Appeal affirmed his conviction on April 11, 2018. *State v. Aguillard*, 17-798 (La. App. 3 Cir 04/11/18), 242 So. 3d 765. Aguillard sought rehearing, which the Third Circuit denied. *State v. Aguillard*, 17-00798 (La. App. 3 Cir 06/13/18). Petitioner timely sought a writ of review in the Louisiana Supreme Court, which was denied on March 6, 2019. *State v. Aguillard*, 17-00798 (La. App. 3 Cir 06/13/18).

On July 19, 2019, Aguillard filed a Uniform Application for Post-Conviction Review in the trial court, alleging three clams for relief:

1. Ineffective assistance of counsel through defense counsel's failure to pursue possible defenses and failing to disclose information about the defendant's sexual orientation;

2. Defense counsel's failure to pursue the effects of jurisdictional errors; and

3. Defense counsel's failure to conduct a defense reasonably during trial by failing to object to the prosecution's statements.

See Rec. Doc. 1-2, pp. 30-32. The trial court denied petitioner's application on September 11, 2019.

On or about October 12, 2020, Aguillard filed a second application for post-conviction review in the trial court (*id*. at pp. 33-42), which was denied on August 10, 2021. An application for writ of review was filed on October 5, 2021, in the Third Circuit Court of Appeal, which was denied on May 12, 2022. The application for writ of certiorari filed by petitioner in the Louisiana Supreme Court was denied on December 6, 2022, pursuant to La. S.Ct. Rule X § 5(a)(1). Doc. 1, p.2.

The instant petition for habeas relief was filed on March 20, 2023. Doc. 1.

### *Law and Analysis*

#### *1. Limitations*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a state court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

---

[1] Nothing in the record before the court suggests that any state created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the

3

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

On March 6, 2019, the Louisiana Supreme Court denied petitioner's writ application on direct appeal. Accordingly, the petitioner's judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." 90 days after the Louisiana Supreme Court denied writs on direct review, or on June 14, 2019, when the time limits for seeking further direct review by filing a petition for certiorari in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari.")

Thirty-five days elapsed from the time petitioner's conviction became final until July 19, 2019, when Aguillard filed his application for post-conviction relief in the trial court. The AEDPA time period was paused and the matter was "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process was 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-

---

United States Supreme Court and made retroactively applicable to cases on collateral review. Therefore, the limitations period should not be reckoned as provided in 28 U.S.C. § 2244(d)(1)(B) or (C).

20 (2002); *Williams v. Cain*, 217 F.3d 303, 310 (5th Cir. 2000) (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); see also *Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001). The time remained tolled for an additional thirty (30) days thereafter, or until October 11, 2019, because Rule 4-3 of the Louisiana Uniform Rules, Courts of Appeal, allowed petitioner a period of thirty (30) days from the date of the ruling at issue within which to file a timely application for supervisory review in the Louisiana appellate court.

On October 11, 2019, after passage of the allowable time to seek supervisory review in the intermediate appellate court, the one-year clock commenced again because, "[a]t the point when the [30—day] state limitations period expired, a petitioner is not entitled to further appellate review, and therefore, he has no application 'pending' in state court." *Melancon v. Kaylo, supra*, 259 F.3d at 407. The AEDPA one-year limitations began to run on October 11, 2019, and ran until September 5, 2020, when it expired. On this date, petitioner had no properly filed state post-conviction or other collateral review pending in any court.

Petitioner ultimately filed a second application for post-conviction review in the trial court on October 12, 2020. However, he is still unable to toll the AEDPA's limitations period because by that date, the limitations period had already expired and could not thereafter be revived. *See Villegas,* 184 F.3d 467. Thus, this petition is clearly time-barred by the provisions of the AEDPA.

## 2. Equitable Tolling

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts

5

must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999). Here, petitioner has neither pled, nor alleged any circumstances to qualify for, equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled," nor do they suggest that he was prevented in any way from asserting his rights.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE in Chambers on this 22nd day of May, 2023.

**Carol B. Whitehurst**
**United States Magistrate Judge**